IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE), | § § § | |
| Plaintiff, | § § | |
| v. | § § | No._____ |
| ORON ZARUM, | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Federal National Mortgage Association ("**Fannie Mae**") files this Original Complaint complaining of Oron Zarum (the "**Defendant**") and would show the Court the following:

1. **Summary of Action.** This is an action to recover the balance owing on a promissory note signed by APEX Legacy TX, LLC (the "**Borrower**") and a written guaranty signed by Defendant. The Borrower filed a Chapter 11 bankruptcy case.

2. **Jurisdiction.** This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). The amount in controversy in this action exceeds $75,000, exclusive of interest, costs, and attorneys' fees. Defendant is a citizen of the state of New Jersey. On the other hand, Fannie Mae is a corporation organized under the laws of the United States. Fannie Mae maintains its principal office in the District of Columbia and shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation. 12 U.S.C. §1717 (a)(2)(B). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because the property at the center of this dispute is located within the District and Division of this

Honorable Court. Specifically, the loan that Plaintiff sues under is secured by collateral located under the subject matter jurisdiction of this Court.

3. Defendant may be served with process at his principal place of business, 47 High Street, Lakewood, New Jersey 08701.

4. **History of Loan.** On November 4, 2020, Barings Multifamily Capital LLC made a $2,040,000 loan to the Borrower, evidenced by a promissory note in the original principal amount of $2,040,000 (the "**Note**"),[1] a Loan Agreement,[2] and related loan documents.

5. As additional security for this loan, Defendant signed a Guaranty of Non-Recourse Obligations (the "**Guaranty**").[3] As set forth in the Guaranty, Defendant personally guaranteed the payment of all amounts and obligations owed under "*Article 3–Personal Liability*" of the Loan Agreement.

6. Immediately following the funding of this loan, Barings Multifamily Capital LLC assigned and endorsed the Note to Fannie Mae, who is the current owner and holder in due course of the Note, the Loan Agreement, the Guaranty, and all loan documents associated therewith (the "**Loan Documents**").

7. Fannie Mae is the current owner and holder of the Note, the Loan Agreement, and the Loan Documents. Fannie Mae is a government-sponsored enterprise and a federally chartered entity created by Congress to enhance the nation's housing-finance market. Under its federal statutory charter, Fannie Mae has a public mission to provide liquidity, stability, and affordability to the U.S. housing market, including the market for quality, affordable rental housing. Fannie Mae is operating under the conservatorship of the Federal Housing Finance Agency ("**FHFA**"),

---

[1] A true and correct copy of the Note is attached hereto as **Exhibit A**.
[2] A true and correct copy of the Loan Agreement is attached hereto as **Exhibit B**.
[3] A true and correct copy of the Guaranty is attached hereto as **Exhibit C**.

which is an independent agency of the United States created in 2008 to supervise certain Government Sponsored Enterprises, including Fannie Mae. *See* 12 U.S.C. § 4511 *et seq*. Among other powers, Congress granted the Director of FHFA the authority to place Fannie Mae into conservatorship under certain, statutorily defined conditions, which the Director did in 2008. As Conservator, FHFA has broad statutory powers, including the powers to preserve and conserve Fannie Mae's assets and property, and to collect obligations due to Fannie Mae. FHFA's ability to exercise its statutory powers and functions as Conservator is protected by federal law. *See*, e.g., 12 U.S.C. § 4617(f).

8. In 2022, the Borrower defaulted under the terms of the applicable Loan Agreement. As a result of these defaults, Fannie Mae accelerated the maturity of the Note on February 3, 2023.

9. Pursuant to "*Article 3–Personal Liability*" of the Loan Agreement, the Borrower would become personally liable for all indebtedness owing under the Note and Loan Agreement, conditioned upon the occurrence of one of the specific events defined in Section 3.02(b)(3):

> "**3.02 (b) Full Personal Liability for Mortgage Loan**
>
> Borrower shall be personally liable to Lender for the repayment of all of the Indebtedness, and the Mortgage Loan shall be fully recourse to Borrower, upon the occurrence of any of the following:
> …
> (3) the occurrence of any Bankruptcy Event [4] … ."

10. The condition set forth in Section 3.02(b)(3) of the Loan Agreement was satisfied when the Borrower filed Chapter 11 bankruptcy on March 7, 2023. The Borrower's bankruptcy case is currently pending in the Eastern District of Texas, Sherman Division, under Case No. 23-40428, the Honorable Brenda T. Rhoades presiding, Chief Judge of the United States Bankruptcy

---

[4] The term "Bankruptcy Event" is defined in Schedule 1 of the Loan Agreement, and it expressly includes the filing of a bankruptcy petition by the Borrower.

Court for the Eastern District of Texas.[5] As such, Defendant is now jointly and severally liable for the balance owing on the Note.

11. As of July 31, 2023, Defendant is jointly and severally obligated to Fannie Mae for the net amount of $2,112,045.49, calculated as follows:

| Unpaid Principal | $1,968,228.60 |
|---|---|
| Accrued Interest | $55,075.96 |
| Default Interest | $39,030.36 |
| Yield Maintenance | $19,682.29 |
| Late Charges Due | $4,624.82 |
| Protective Advances | $4,231.65 |
| Escrow funds swept to Fannie Mae prior to Petition Date (credits) | ($76,346.05) |
| Mortgage Payoff Processing & Recording Fees | $500.00 |
| BPO Fees | $1,250.00 |
| Legal Fees & Costs | $86,367.86 |
| Appraisal | $4,500.00 |
| Phase I Environmental Site Assessment | $2,400.00 |
| Property Condition Assessment | $2,500.00 |
| **Net Total** | **$2,112,045.49** |

This net unpaid balance represents the amount due as of July 31, 2023. The net total is changing over time, increasing as additional interest accrues and additional costs are incurred and decreasing

---

[5] The automatic bankruptcy stay is in effect with respect to the Borrower, and this Complaint is not seeking to assert any rights or remedies with respect to the Borrower.

as partial payments are made. Plaintiff reserves all rights to adjust the net total to the amount then due and owing as of such date certain in the future, accounting for all lawful accruals under the terms of the Loan Documents and giving credit for all just offsets.

12. All conditions precedent to the filing of this lawsuit have been performed, excused, or waived, and to the extent required by law, all proper notices and demands have been made upon Defendants.

13. The maturity of the Note has been accelerated, and it remains unpaid, causing damages to Fannie Mae in excess of the minimum jurisdictional limits of this Court. Interest continues to accrue on the unpaid principal at the rate of 7.69% per annum.

14. **Cause of Action: Breach of Contract.** Paragraphs 1-12 are incorporated by reference as if fully set forth herein.

15. The Borrower contracted to pay all amounts owed on the Note. The Borrower failed to pay the balance owed on the Note in full after its maturity had been accelerated, constituting a breach of contract. The Borrower is contractually obligated to pay the Note.

16. Pursuant to the Guaranty, Defendant personally guaranteed the payment of all amounts and obligations owed under "*Article 3–Personal Liability*" of the Loan Agreement. Defendant failed to pay the balance owed on the Note and Guaranty after the condition set forth in Section 3.02(b)(3) of the Loan Agreement had occurred – that is, the bankruptcy filing by the Borrower—which constitutes a breach of contract by Guarantor.

17. The Note and Guaranty are valid contracts.

18. Plaintiff fully funded the Loan, evidenced by the Note. Plaintiff has complied with every term of its obligations under the Loan documents.

19. Defendant has materially breached his obligations under the Guaranty by failing to pay the balance owed thereunder when due and after demand for same.

20. Plaintiff has sustained damages in the amount of not less than $2,112,045.49, representing the balance due under the Note and Guaranty as of July 31, 2023. Plaintiff sustained these damages as a proximate cause of Defendant's breach of the terms of the Note and Guaranty by Defendant's failure to pay such amounts due and owing by Defendant to Plaintiff thereunder.

21. **Cause of Action: Legal Fees.** Paragraphs 1-19 are incorporated by reference as if fully set forth herein.

22. As a result of Defendant's failure to pay the Note and Guaranty, Fannie Mae was compelled to retain the undersigned attorneys to file this action to recover the amounts owed. Fannie Mae is entitled to an award of reasonable attorneys' fees pursuant to the terms of the Note, the Loan Agreement, the Guaranty, and TEX. CIV. PRAC. & REM. CODE §38.001.

23. **Request for Relief.** Fannie Mae requests that Defendant be cited to appear and answer, and that upon final adjudication, Fannie Mae have judgment against Defendant, jointly and severally, for the following:

- the unpaid balance of $2,112,045.49, less the partial payments made by the Borrower, plus additional interest that accrues on the unpaid principal after July 31, 2023, at the rate of 7.69% per annum until paid;
- reasonable and necessary legal fees incurred to prosecute the collection of the indebtedness due and owing under the Loan Documents (to be determined as of the date final judgment is rendered hereunder, as such amounts continue to accrue in the ordinary course of this proceeding);
- costs of court;
- post-judgment interest at the maximum rate permitted by law; and
- such additional and further relief, general or special, at law or in equity, to which Fannie Mae may show itself justly entitled.

| | |
|---|---|
| Dated: August 8, 2023 | Respectfully submitted,<br><br>*/s/ Thomas C. Scannell*<br>Thomas C. Scannell (TX 24070559)<br>Stephen A. Jones (TX 24101270)<br>**FOLEY & LARDNER LLP**<br>2021 McKinney Avenue, Suite 1600<br>Dallas, TX 75201<br>Telephone: 214-999-4000<br>Facsimile: 214-999-4667<br>tscannell@foley.com<br>sajones@foley.com<br><br>**ATTORNEYS FOR FEDERAL NATIONAL MORTGAGE ASSOCIATION** |

4887-4869-3363.3